# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

M.R.,

    Plaintiff,

     v.

DISTRICT OF COLUMBIA,

    Defendant.

**Civil Action No. 11-649 (CKK)**

## MEMORANDUM OPINION
(January 30, 2012)

Robert and Marjorie Rennhack filed suit as the parents and next friends of their minor son M.R., a disabled child receiving special education and related services from the District of Columbia under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. § 1400 *et seq.* The Complaint seeks payment for attorney's fees incurred by Plaintiffs in obtaining reimbursement for tuition and expenses related to M.R.'s placement at the Grove School for the 2009-2010 school year. Presently before the Court is Plaintiffs' [8] Motion for Summary Judgment. The motion is fully briefed and ripe for consideration.[1] For the reasons stated below, the Court finds that Plaintiffs are not a "prevailing party" for purposes of the IDEA and thus are not entitled to attorney's fees under the statute. Therefore, Plaintiffs' Motion for Summary Judgment is DENIED.

## I. BACKGROUND

Although the parties provide the Court with a very limited factual record, the few facts

---

[1] *See* Pls.' Mot. for Summ. J., ECF No. [8]; Def.'s Opp'n, ECF No. [9]; Pls.' Reply, ECF No. [12]; Pls.' Errata, Reply Ex. A, ECF No. [13].

necessary to decide Plaintiffs' motion are not in dispute.  M.R. is a twenty year old student

eligible for special education and related services by the District of Columbia Public Schools

("DCPS").  Pls.' Stmt. of Undisputed Facts ("Pls.' Stmt.") ¶ 1.  M.R. attended the Grove School,

a private residential school in Connecticut, during the 2007-2008 and 2008-2009 school years.

Def.'s Stmt. of Facts ("Def.'s Stmt.") ¶ 1.  Pursuant to the IDEA, DCPS funded M.R.'s

placement at the Grove School.  *Id.* at ¶ 2.

    In June 2009, Plaintiffs requested funding for M.R. to remain at the Grove School during

the 2009-2010 school year.  Pls.' Ex. G (10/2/2009 Ltr P. Rosenstock to D. Dukes).  DCPS

requested documentation in support of this request.  *Id.*  Plaintiffs' attorneys provided certain

documents in October 2009.  *Id.*  In December, Plaintiffs' attorneys contacted DCPS to schedule

an Individualized Educational Program meeting to discuss M.R.'s continued placement at the

Grove School.  Pls.' Ex. H (12/15/2009 Email P. Rosenstock to T. Keiko).  DCPS indicates the

meeting was initially scheduled for January 2010, but was postponed until May 6, 2010 because

of scheduling conflicts.  Def.'s Stmt. ¶¶ 6-7.  The District did not receive written permission

allowing the Grove School's personnel to speak with the DCPS until the May 2010 IEP meeting.

*Id.* at ¶ 7.

    On September 15, 2010, Plaintiffs filed a Due Process Complaint Notice seeking

reimbursement for M.R.'s attendance at the Grove School for the 2009-2010 School Year.  Pls.'

Stmt. ¶ 2; Def.'s Stmt. ¶ 8; Pls.' Ex. J (Due Process Compl. Notice).  In lieu of an administrative

hearing, the parties entered into a settlement agreement on October 4, 2010.  Pls.' Ex. A

(Settlement Agreement).  The agreement provided, in relevant part, that DCPS would reimburse

Plaintiffs for "the provision of specialized instruction and related services at The Grove School

for the 2009-2010 [school year]" as well as "reasonable and documented attorney fees." *Id*. The

attorney's fee provision specifically provides:

> Parent agrees to accept reasonable and documented attorney fees, as full and final
> payment of any attorney fees and related costs incurred, or to be incurred, in this
> matter. Payment of the specified amount is contingent upon submission of the
> following: a) a certified invoice confirming to the DCPS attorney fee guidelines,
> issued October 1, 2006, and itemizing all costs incurred to date relating to the
> pending hearing request; and b) signature by the parent below or written
> authorization by the parent for the attorney to enter into this Settlement
> Agreement on the parent's behalf.

*Id.* at ¶ 12. Pursuant to the terms of the agreement, Plaintiffs withdrew the request for a Due

Process hearing with prejudice. Pls.' Ex. B (10/5/2010 Ltr P. Rosenstock to S. Newsome).

Plaintiffs' attorneys submitted a request for fees and costs to DCPS on October 27, 2010.

Pl.'s Ex. C (10/27/2010 Ltr M. Eig to DCPS Office of General Counsel). Plaintiffs sought

reimbursement in the amount of $38,708.41. *Id.* at 2. DCPS approved payment for $3,310.40

after finding Plaintiffs' attorneys' hourly rates excessive and many of the expenses too remote in

time to justify reimbursement. Pls.' Ex. D (DCPS Attorney Invoice Submission and notations on

Plaintiffs' request for attorney's fees). Plaintiffs filed this action on March 29, 2011 seeking (1)

a declaratory judgment that "defendants [sic] have violated plaintiffs' rights under the IDEA;"

and (2) an order "[c]ompelling defendants [sic] to pay plaintiffs and their counsel reasonable

attorneys' fees and costs as defined by the IDEA." Compl. at 3. The Complaint invokes this

Court's jurisdiction under the IDEA and does not purport to seek enforcement of the settlement

agreement itself.

## II.  LEGAL STANDARD

Plaintiffs seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the
> assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions,
> documents, electronically stored information, affidavits or declarations,
> stipulations (including those made for purposes of the motion only), admissions,
> interrogatory answers, or other materials); or
>
> (B) showing that the materials cited do not establish the absence or presence of a
> genuine dispute, or that an adverse party cannot produce admissible evidence to
> support the fact.

Fed. R. Civ. P. 56(c)(1).  "If a party fails to properly support an assertion of fact or fails to

properly address another party's assertion of fact as required by Rule 56(c), the court may . . .

consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e).  When

considering a motion for summary judgment, the court may not make credibility determinations

or weigh the evidence; the evidence must be analyzed in the light most favorable to the

nonmoving party, with all justifiable inferences drawn in his favor.  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 255 (1986).  "If material facts are at issue, or, though undisputed, are

susceptible to divergent inferences, summary judgment is not available."  *Moore v. Hartman*,

571 F.3d 62, 66 (D.C. Cir. 2009) (citation omitted).  The mere existence of a factual dispute, by

itself, is insufficient to bar summary judgment.  *See Liberty Lobby*, 477 U.S. at 248.  "Only

disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment."  *Id.*  Conclusory assertions offered without

any factual basis in the record cannot create a genuine dispute.  *See Ass'n of Flight Attendants-*

*CWA v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009).

## III.  DISCUSSION

Plaintiffs seek summary judgment on the basis that the requested fees are reasonable.
Plaintiffs specifically contend the request is reasonable because (1) the hourly rates charged are
consistent with the *Laffey* Matrix; and (2) all tasks billed are sufficiently close in time and
related to the issue of M.R.'s placement for the 2009-2010 school year to be recoverable under
the IDEA.  In response, Defendant argues that Plaintiffs cannot recover fees under the IDEA
because they were not a "prevailing party," and must instead file a claim for breach of contract.
In the alternative, Defendant contends many of the tasks billed by Plaintiffs' attorneys are too
remote from relevant events to be recoverable and that Plaintiffs failed to demonstrate the
reasonableness of the hourly rate charged by their attorneys.  The Court finds that Plaintiffs were
not a "prevailing party" and thus cannot recover attorneys' fees under the IDEA.

### A.     *Plaintiffs Were Not A "Prevailing Party" Pursuant To The IDEA*

The IDEA provides that district courts, in their discretion, may award reasonable
attorneys' fees "to a prevailing party who is the parent of a child with a disability."  20 U.S.C. §
1415(i)(3)(B).  The Court of Appeals for the District of Columbia Circuit identified three
requirements to qualify as a "prevailing party" in cases including those brought under the IDEA:
(1) "a court-ordered change in the legal relationship of the parties"; (2) a "judgment . . . in favor
of the party seeking the fees"; and (3) "judicial relief accompanying the judicial
pronouncement."  *District of Columbia v. Ijeabuonwu*, 642 F.3d 1191, 1194 (D.C. Cir. 2011)
(quoting *District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010) (internal quotation
marks omitted).  For purposes of the IDEA, "court-ordered change" and "judicial relief" include
determinations from Due Process hearing officers.  *See id.* at 373.  The party requesting fees

5

"bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates." *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). Federal regulations further provide that any award of attorney's fees must be "based on the rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 34 C.F.R. § 300.517(c)(1).

The facts in this case clearly demonstrate Plaintiffs are not entitled to attorney's fees under the IDEA itself. The parties reached a settlement before the Due Process hearing convened, so there was no "court-ordered change," "judgment," or "judicial relief." In fact, Plaintiffs do not argue that they meet the definition of a "prevailing party." Rather, Plaintiffs argue that the "settlement takes the place of the need for any judicial pronouncement of prevailing party status." Pls.' Reply at 3. Prior to 2004, the courts in this District reached contrasting decisions as to whether a settlement agreement entered into prior to a due process hearing made the parents a "prevailing party" entitled to attorney's fees under the IDEA. *Abraham v. District of Columbia*, 338 F. Supp. 2d 113, 120 (listing cases). However, in 2004, the Court of Appeals resolved the issue. In *Alegria v. District of Columbia*, 391 F.3d 262 (D.C. Cir. 2004) specifically held that the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001) bars the award of attorney's fees "for private settlements reached prior to administrative hearings on special education placements." 391 F.3d at 263. As Plaintiffs admit, the Court of Appeals concluded that "private settlements with DCPS d[o] not create prevailing party status under *Buckhannon* that [is] necessary to create a right to attorneys' fees under the IDEA." Pls.' Reply at 7.

Plaintiffs attempt to distinguish both *Alegria* and *Buckhannon* on the grounds that unlike the private settlements in those cases, the settlement agreement at issue here actually provides for the recovery of reasonable attorney's fees.  Plaintiffs argue "it is not the *creation* of a right that the parents seek here.  Rather, the parents seek *enforcement* of a right under the IDEA already recognized in the settlement between the parties."  Pls.' Reply at 7 (emphasis in original).  The Court of Appeals in *Smith ex rel. Battle v. District of Columbia*, 117 F. App'x 767 (D.C. Cir. 2004), issued on the same day as *Alegria*, faced an identical situation.  Five of the plaintiffs in *Smith* entered into settlement agreements with the DCPS that contained attorney's fee provisions before "securing a decision in an administrative hearing."  *Id.* at 768.  The plaintiffs filed suit under the IDEA, and argued that DCPS could not "deny statutory liability for fees."  *Id.*  The Court found these plaintiffs were not entitled to fees under the IDEA because a settlement agreement "cannot generate statutory liability where none otherwise exists.  While promises in a memorandum or settlement agreement might give rise to certain state law claims, a federal court is unable to hear these claims absent diversity or supplemental jurisdiction, which plaintiffs never allege in their complaint."  *Id*.  In this case, as in *Smith*, any claim for attorney's fees Plaintiffs might have sound in contract law, not the IDEA.

The only case cited by Plaintiffs in support of their position, *Armstrong v. Vance*, 328 F. Supp. 2d 50 (D.D.C. 2004), pre-dates *Smith* and *Alegria*, but nevertheless is consistent with the Court's conclusion in this case.  In *Armstrong*, Judge Paul L. Friedman found *Buckhannon* precluded the award of attorney's fees pursuant to the IDEA to parties that entered into settlement agreements before obtaining a judicial determination as to their rights under the IDEA.  *Id.* at 59.  In the footnote cited by Plaintiffs, Judge Friedman found that the two plaintiffs

7

with settlement agreements that included attorney's fee provisions were entitled to relief.  *Id.* at

n.4.  However, in the portion of the footnote omitted from Plaintiffs' Reply, Judge Friedman

notes that these settlement agreements "expressly provide that 'the parent is the *prevailing party*

and that counsel for the parent is entitled to attorneys' fees as applicable *under the law* in full

settlement of all claims for fees and costs.'"  *Id.* (emphasis added).  In other words, the

settlement agreements at issue in *Armstrong* expressly stated the parent had a statutory right to

attorney's fees.  By contrast, the settlement reached between the parties in this case does not

state that the Plaintiffs are the prevailing party and makes no reference to entitlement to

attorney's fees "under the law."  Pls.' Ex. A at ¶ 12.

 Plaintiffs in this case are correct that their suit in principle seeks to enforce a right to

attorney's fees, but that right, if any, arises under the terms of the contract with Defendant, *not*

under the IDEA itself.  The Plaintiffs in this case may have a right to attorney's fees under the

terms of the contract, but that does not entitle Plaintiffs to recover fees *under the IDEA*.  The

IDEA does not provide for attorney's fees when the parties enter into a private settlement

agreement, and the parties cannot create a right to recover fees under the statute by including a

provision for attorney's fees in a settlement agreement.  By providing for recovery of attorney's

fees in a settlement agreement, the parties at most created a *contractual* right that may be

governed by the reasonableness standards set forth under the IDEA, but that does not create a

statutory right to fees.  The parties did not and cannot contract for a statutory right to attorney's

fees, and thus under the case law in this Circuit, Plaintiffs cannot recover fees under the IDEA

itself.  *E.g.*, *Walker v. District of Columbia*, 798 F. Supp. 2d 48, 51 (D.D.C. 2011).

B.      *Defendant Does Not Contest The Court's Subject Matter Jurisdiction*

Plaintiffs focus the bulk of their Reply on the argument that the Defendant conceded that the Court has subject matter jurisdiction over the Complaint, pointing to Defendant's Answer and Opposition.  As an initial matter, parties cannot waive or concede subject matter jurisdiction. *Gardner v. United States*, 211 F.3d 1305, 1310 (D.C. Cir. 2000) ("In contrast to the issue of personal jurisdiction, parties may not waive or concede a federal court's subject matter jurisdiction.").  Second, although Defendant admittedly refers to its argument as concerning subject matter jurisdiction (Def.'s Opp'n at 6), Plaintiffs' eligibility for relief under the IDEA's fee provision does not implicate the Court's subject matter jurisdiction.  Rather, Defendant's argument goes to the merit of Plaintiffs' claim.  As the Supreme Court explained, "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [plaintiffs] could actually recover."  *Bell v. Hood*, 327 U.S. 678, 682 (1946). Defendant's argument that Plaintiffs are not entitled to recover attorney's fees under the IDEA, even if true, does not defeat the Court's jurisdiction to make that determination.  Moreover, Defendant has not conceded that Plaintiffs are entitled to the requested relief.  Defendant's Answer and Opposition merely admit that the Court has jurisdiction over suits brought under the IDEA and the Declaratory Judgment Act.  They do not concede that Plaintiffs are entitled to recover fees under the IDEA.  Answer, ECF No. [3], ¶ 2; Def.'s Opp'n at 1, 4.

C.      *The Settlement Agreement Does Not Raise A Federal Question*

Operating under the impression that Defendant was contesting the Court's subject matter jurisdiction, Plaintiffs also argue that the Court has jurisdiction over the Complaint under 28 U.S.C. § 1331, that is, federal question jurisdiction.  As noted above, the Plaintiffs are not

eligible for attorney's fees under the IDEA, and thus Defendant is entitled to judgment as a matter of law as to this lawsuit filed pursuant to the IDEA.  Plaintiffs' remedy, if any, lies in an action for breach of the parties' settlement agreement.  The Complaint plainly does not state a claim for breach of contract, but even if the Complaint was construed as such, this Court would have to dismiss the case for lack of subject matter jurisdiction.  Plaintiffs make a litany of arguments, all of which presume that the parties can create a statutory right via contract, an argument the Court of Appeals rejected in this exact context.  *See Smith*, *supra*.  Nevertheless, the Court will briefly address Plaintiffs' arguments.

Plaintiffs first argue that the Defendant agreed to federal question jurisdiction because the settlement agreement was designed to resolve claims Plaintiffs might otherwise have under the IDEA, and the agreement specifically refers to the IDEA.  The premise of Plaintiffs' argument is false as the parties cannot agree to federal question jurisdiction where it does not otherwise exist. *Gardner*, 211 F.3d at 1310.  Additionally, even if a contract incorporates standards included in federal law, or a party might have a defense under federal law to a breach of contract action, claims brought to enforce the contract do not inherently raise federal questions.  *E.g.*, *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989).  Plaintiffs further argue that attorney's fees are only available under the settlement agreement because of the IDEA.  However, Plaintiffs later admit this argument is incorrect since  "as any defendant may, DCPS could have proposed any . . . compensation combination to affect the goal of settlement."  Pls.' Reply at 3.  DCPS was not compelled by the IDEA to include the recovery of attorney's fees in the settlement agreement it proposed.  Plaintiffs also argue that the Defendant only agreed to pay attorney's fees because Plaintiffs had a right to fees under the IDEA.  Yet Plaintiffs cite no authority for the notion that a

Defendant's purported "motive" in agreeing to certain contract terms is sufficient for a well-pleaded complaint to establish subject matter jurisdiction.

Plaintiffs next contend that since the settlement contract was "based on" 34 C.F.R. § 300.517 (*see* Pls.' Ex. A at 1), "federal law [was] a bargained-for element and justification for the settlement."  Pls.' Reply at 3.  Plaintiffs continue, stating "the settlement's terms are entirely reliant on the IDEA and the applicable case law that addresses attorney's fees.  Defendant cannot now assert that the parents' case sounds in contract when Defendant expressly conditioned the settlement's terms on federal law."  *Id.* at 4.  This argument confuses the nature of a cause of action and the law governing a contract.  Because the Court has concluded Plaintiffs have no statutory basis on which to recover attorney's fees, any claim that the amounts paid by Defendant thus far would necessarily be a claim for breach of the parties' agreement, although the parties arguably agreed to have any dispute governed by the provisions of the IDEA.

According to Plaintiffs, the "reasonableness" of the fee payment is governed by the IDEA, and thus the entire suit arises under federal law.  However, even if the parties arguably elected to have a certain federal statute govern the enforcement of a contract's terms, that does not make a claim to enforce the agreement a claim to enforce rights under that federal statute.  Admittedly, "a federal court may have jurisdiction over a state-law based claim where federal law constitutes an essential component of that claim."  *Bd. of Trustees of Hotel and Rest. Emp. Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1486 (D.C. Cir. 1996).  However, if Plaintiffs' Complaint stated a breach of contract claim, the IDEA would only become an issue in so far as the IDEA's standard of reasonableness for attorney's fees would be Defendant's defense for not reimbursing the full amount of fees requested by Plaintiffs.  *E.g.*, *Bowman v. District of*

*Columbia*, No. 05-1933, 2006 WL 2221703, at *1 (D.D.C. Aug. 2, 2006) (noting that IDEA at most arises as a defense in an action to enforce attorney's fee provision of settlement agreement); Def.'s Opp'n at 6-12 (arguing that under IDEA case law, Plaintiffs' fee request is substantively unreasonable).  It is well settled that a defense that raises a federal question does not create federal question jurisdiction.  *E.g.*, *Okla. Tax Comm'n*, 489 U.S. at 841.

Finally, Plaintiffs contend that the agreement is "enforceable pursuant to federal law," relying on a DCPS memorandum that indicated DCPS would not pay attorney's fees pursuant to settlement agreements unless the fees were a negotiated term of the settlement.  Pls.' Reply Ex. A.  The memorandum established nothing more than contract law would provide in this scenario: the DCPS must pay attorney's fees if it agreed to do so under the terms of a negotiated contract.  Although Plaintiffs cite another court in this district as having found agreements including attorney's fees provisions to be valid, there is no breach of contract claim in this case, so the Court does reach the "viability" of the parties' settlement agreement.  Ultimately, enforcement of the terms of a settlement agreement entered into to resolve potential IDEA claims and including an attorney's fee provision is a state law claim.  *Bowman*, 2006 WL 2221703, at *1; *see also Makins v. District of Columbia*, 277 F.3d 544, 547 (D.C. Cir. 2002) (noting enforcement of a settlement agreement is an issue of state law).  Contrary to Plaintiffs' assertion, although the parties contracted to settle claims that arise under a specific federal statute, any claim for breach of that contract in this case would not itself raise a federal question.  Thus even if the Complaint stated a claim for breach of contract, the Court would be compelled to dismiss the Complaint for want of subject matter jurisdiction because there is no federal question involved.

D.      *Order To Show Cause*

In light of the Court's conclusion that Plaintiffs are not entitled to attorney's fees under the IDEA, and that the Court would lack subject matter jurisdiction if the Complaint were construed as stating a claim for breach of contract, it appears Defendant may be entitled to judgment as a matter of law.  However, because DCPS did not cross-move for summary judgment, the Court can do no more than deny Plaintiffs' motion at this time.  Therefore, the Court will require Plaintiffs to show cause, on or before February 10, 2012, as to why the Court should not grant summary judgment in Defendant's favor based on the Court's decision today.  *See* Fed. R. Civ. P. 56(f)(1) ("After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant.").  This is not an invitation to re-litigate the arguments set forth in Plaintiffs' Reply and rejected by the Court.  However, Plaintiffs are entitled to an opportunity to respond since Defendants did not move for summary judgment on the grounds stated in their Opposition.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds Plaintiffs are not entitled to summary judgment.  Plaintiffs are not "prevailing parties" for purposes of the IDEA, and thus cannot recover attorney's fees under the statute itself.  Any claim for attorney's fees would arise as a breach of contract claim under the parties' settlement agreement.  However, even if the Complaint is liberally construed so as to state a claim for breach of contract, the claim does not raise a federal question, and the Court lacks subject matter jurisdiction.  Accordingly, the Court need not reach the issue of whether or not the requested attorney's fees are reasonable and Plaintiffs' Motion for Summary Judgment is DENIED.  Defendant did not cross-move for

summary judgement, therefore the Court cannot enter judgment in favor of Defendant at this

time.  However the Court shall require the Plaintiffs to show cause why Defendant is not entitled

to judgment as a matter of law.

   An appropriate Order accompanies this Memorandum Opinion.


Date: January 30, 2012


           /s/

        **COLLEEN KOLLAR-KOTELLY**
        United States District Judge